**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donnell Dean BENSON, a/k/a Dizzy,
Defendant–Appellant.**

**No. 13–4480.**

United States Court of Appeals,
Fourth Circuit.

Submitted:  Jan. 30, 2014.

Decided:  Feb. 14, 2014.

Dhamian A. Blue, Blue Stephens & Fellers LLP, Raleigh, North Carolina, for Appellant.   Jennifer P. May–Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Dean Benson appeals his conviction and sentence for conspiracy to distribute and to possess with intent to distribute more than 280 grams of cocaine base and five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2012).   Benson pled guilty pursuant to a written plea agreement and was sentenced to 372 months' imprisonment and five years of supervised release. On appeal, counsel for Benson filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious issues for appeal in light of Benson's waiver of his right to appeal.   Benson did not file a supplemental pro se brief, despite notice of his right to do so.   The Government elected not to file a response to the *Anders* brief.

Although counsel is correct that Benson's plea agreement contained an appellate waiver, the Government has not sought to enforce the waiver in this case. Accordingly, we conduct a review of the record as required by *Anders*.   *See United States v. Poindexter*, 492 F.3d 263, 271

---

(4th Cir.2007) ("If an *Anders* brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required *Anders* review.").

In accordance with the requirements of *Anders,* we have examined the entire record and have found no meritorious issues. We therefore affirm the district court's judgment. This court requires that counsel inform Benson, in writing, of the right to petition the Supreme Court of the United States for further review. If Benson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Benson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*